**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SPENCER ROBINSON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION FILE NO. |
| | ) |
| EZELL BROWN, individually and in | ) |
| his official capacity as a law | ) |
| enforcement officer; CLARENCE | )    JURY TRIAL DEMANDED |
| WHITE, individually and in his official | ) |
| capacity as a law enforcement officer; | ) |
| CITY OF CONYERS, Georgia; | ) |
| MICHELLE | ) |
| WASHINGTON, individually and in | ) |
| her official capacity as a law | ) |
| enforcement officer. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, Spencer Robinson, and files this suit for damages

against EZELL BROWN, individually and in his official capacity as a law

enforcement officer; CLARENCE WHITE, individually and in his official capacity as a law enforcement officer; CITY OF CONYERS, Georgia; MICHELLE WASHINGTON, individually and in her official capacity as a law enforcement officer; (hereinafter collectively referred to as the "Defendants"), showing the Court as follows:

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of Plaintiff's rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Plaintiff seeks compensatory damages, special damages, general damages, punitive damages, reasonable attorneys' fees and costs, and any and all other relief to which he is entitled by law, as more fully described below.

## JURISDICTION AND VENUE

1.

This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of state law. Accordingly, this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2.

Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims arising under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.

Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties, and to the witnesses, and it is where one or more of the Defendants are deemed to reside. See 28 U.S.C. § 1391.

**PARTIES**

4.

Spencer Robinson (hereinafter "Plaintiff"), resides in Covington, Georgia and is subject to the jurisdiction and venue of this Court.

5.

Defendant Ezell Brown (hereinafter "Sheriff Brown") is being sued both in his individual capacity and his official capacity as a law enforcement officer and Sheriff of Newton County. Sheriff Brown is subject to the jurisdiction and venue

3

of this Court and may be served with process and summons as allowed by law at 15151 Alcovy-Jersey Rd., Covington, Georgia 30014.

6.

Defendant Clarence White (hereinafter "Deputy White") is being sued both in his individual capacity and his official capacity as a law enforcement officer with the Newton County Sheriff's Office (hereinafter "NCSO"). Deputy White is subject to the jurisdiction and venue of this Court and may be served with process and summons as allowed by law at Atlanta Public Schools, 130 Trinity Ave. SW Atlanta, GA 30303.

7.

Defendant City of Conyers (hereinafter "Conyers") is a duly constituted political subdivision of the State of Georgia and is a corporate body subject to suit and subject to the jurisdiction and venue of this Court. At all relevant times, Conyers is and was the employer of Michelle Washington as named in this action.

8.

Defendant Conyers is liable for constitutional deprivations pursuant to governmental custom, policy, or practice, whether written or unwritten. (See Monell v. New York Dept. of Social Servs., 436 U.S. 658 (1978)). Conyers is also

4

liable for misconduct, inadequate training, and failure to train its employees including, but not limited to, Defendant Washington as named in this action.

9.

Defendant Michelle Washington (Hereinafter "Officer Washington") is being sued in her individual capacity and her official capacity as a law enforcement officer for Conyers. At all relevant times, Officer Washington was acting under color of state law in performing her duties as a law enforcement officer for the Conyers Police Department. Officer Washington is subject to the jurisdiction and venue of this Court and may be personally serve with summons and process as allowed by law at 1194 Scott St., Conyers, Georgia 30012.

## FACTUAL ALLEGATIONS

10.

At all times relevant hereto, Defendants Brown and White were employed as law enforcement officers by the Newton County Sheriff's Office and were acting under color of state law. At all times relevant hereto, Defendant Washington was employed as a law enforcement officer by the City of Conyers and was acting under color of state law.

5

11.

On or about the evening of January 29, 2016, following the conclusion of the basketball game between Newton County High School and Rockdale County High School, Plaintiff was leaving the Newton County High School gym on the way to his car to return home.

12.

At that time, Plaintiff's niece (a minor) approached him and informed him that Plaintiff's nephew was looking for the person who had earlier punched Plaintiff's niece.

13.

Having located his niece's assailant, Plaintiff approached him and, upon observing the assailant again strike his niece, attempted to shove him.  Plaintiff and the assailant both lost their balance and fell to the ground.

14.

As they grappled on the ground, Officer Washington from Conyers Police Department ("CPD"), without warning or lawful order to disperse, pepper sprayed Plaintiff while Plaintiff was on the ground, thereby incapacitating him.

15.

After Plaintiff was pepper sprayed and incapacitated, Corporal Tony Howard and Deputy Milton Hightower, both of NCSO, lifted Mr. Robinson off the ground and began leading Plaintiff to an NCSO squad car. En route to the squad car, Plaintiff repeatedly tried in vain to wipe his eyes to alleviate the effects of the pepper spray.

16.

While being transported to the squad car, Plaintiff repeatedly cried out "I can't see, I can't see!" Over and despite Plaintiff's vocal and obvious protestations, Corporal Howard and Deputy Hightower proceeded to move Plaintiff to their car in disregard for Plaintiff's pain, suffering, indignity and incapacity.

17.

Despite Mr. Robinson's pleas that he could not see due to being pepper sprayed, no NCSO employee made any effort to accommodate Mr. Robinson's condition. Instead, they continued to forcefully lead Mr. Robinson to the NCSO squad car. Upon arriving at the squad car, Plaintiff, still handcuffed and partially incapacitated from the pepper spray, was leaned up against the front push bar of the squad car.

18.

Though visibly upset, confused, and in fear, once brought to the squad car, Plaintiff was not combative or resistant to the lawful orders of any law enforcement officers on scene. Likewise, at no point would it have appeared to a reasonable person that Plaintiff posed any threat to any persons or property, including any law enforcement officers.

19.

Given that Plaintiff was restrained, incapacitated, and was not actively resisting apprehension or attempting to evade apprehension by flight while leaned up against the push bar of the squad car, no reasonable officer would have believed that Plaintiff posed an immediate threat to the safety of any officers or others on the scene.

20.

Nevertheless, despite Plaintiff's cooperation and incapacitation, while Plaintiff was leaned up against the push bar, Deputy White, without provocation or justification of any kind, suddenly and violently shoved Plaintiff from behind, causing Plaintiff's left knee to violently slam against the push bar of the squad car. The force of this impact was so great that Mr. Robinson's leg instantly shattered below the knee, causing him tremendous pain and inhibiting his ability to walk

8

unassisted the rest of the way to the back seat of the vehicle. Mr. Robinson was then detained by NCSO until being transported to the hospital for treatment where his wife was later served a citation for affray for Plaintiff.

21.

While detained in an NCSO squad car and before being transported to the hospital, Deputy Hightower, based on information and belief, stated to other officers on the scene that he witnessed Plaintiff protecting his niece. Said Deputy spoke with his supervisor, after which point said Deputy removed Plaintiff's cuffs.

22.

At the hospital, physicians examined Plaintiff and confirmed extensive damage to his knee. On or about February 3, 2016, Plaintiff underwent major reconstructive surgery to repair the damage to his knee.

23.

Since his injury, Plaintiff has missed time from work, undergone invasive knee surgery, had to attend several months of physical therapy, and has endured, and will continue to endure, substantial pain and suffering. Specifically, the surgery to repair Plaintiff's damaged knee involved inserting a rod and several screws into his tibia to repair a left tibial plateau fracture. Notably, the damage to

Plaintiff's leg was so severe that physicians examining his leg upon presentment to the hospital were surprised to learn that Plaintiff had no prior injuries to that leg.

24.

Plaintiff has undergone extensive physical therapy and rehabilitation in efforts to return his leg—and life—to normal. While Plaintiff's efforts have helped the recovery of his leg, it will never be the same as it was prior to the incident.

25.

The damage to Plaintiff's leg caused by Defendants on or about January 29, 2016 has caused Plaintiff substantial difficulty in range of motion in his leg, knee, and hip, difficulty in sleeping, chronic pain, and a change in walking gait which stands the significant risk of leading to future medical complications.

26.

Plaintiff has required several follow-up orthopedic and physical therapy visits to address the damage to his leg caused by Defendants.

27.

Moreover, Plaintiff has suffered and continues to suffer severe mental, emotional, and psychological injury as a result of the excessive and unlawful force to which he was subjected.

28.

Plaintiff continues to suffer nightmares and emotional and psychological pain as a result of the excessive force to which he was subjected by Defendants.

29.

Plaintiff's injuries also prohibited Plaintiff from working for several days following the incident.

30.

At all times relevant hereto, Sheriff Brown was responsible for the training, supervision, discipline, and retention of Deputy White.

31.

At all times relevant hereto, Conyers was responsible for the training, supervision, discipline, and retention of Officer Washington.

32.

Based on information and belief, Deputy White had a known history of using excessive and unlawful force, including constitutional violations, prior to the force complained of herein.

33.

Despite Sheriff Brown's knowledge of his employee's known and deliberate indifference to the constitutional rights of Plaintiff and others by way of employing

11

excessive and/or unlawful force, Sheriff Brown continued to maintain Deputy White as an employee and did not take any steps to correct or prevent his known propensity to use excessive force.

34.

Based on information and belief, Deputy White was never disciplined or otherwise reprimanded in any manner for his actions against Plaintiff as described herein.

35.

By failing to address or remedy Deputy White's prior acts of unlawful or excessive force, and by allowing Deputy White to remain employed with NCSO and able to commit future acts of unlawful or excessive force, Sheriff Brown's inaction caused Plaintiff's injuries as complained of herein.

36.

The actions of all Defendants, as set forth above, have caused significant mental, emotional, psychological, physical, and financial harm to Plaintiff which he has suffered, is suffering, and will continue to suffer in the future.

37.

On October 18, 2016, Plaintiff was tried and acquitted of his affray charge arising out of this incident.

12

## COUNT I – CLAIM UNDER 42 U.S.C. § 1983
## AGAINST DEPUTY WHITE,
## IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
## FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

38.

Plaintiff re-alleges and reincorporates paragraphs one through 37 as if fully restated herein.

39.

The aforementioned actions of Deputy White amounted to deliberate indifference to the clearly established constitutional rights of Plaintiff and caused Plaintiff to be deprived of his Fourth Amendment right to be free from unreasonable seizure and excessive force.

40.

At all relevant times, Deputy White was acting within the scope of his employment with Sheriff Brown under color of state law.

41.

At the time of the incident giving rise to this lawsuit, there was no legal justification for the particular force used by Deputy White against Plaintiff. Deputy White's use of force against Plaintiff was objectively excessive, unreasonable, unwarranted, and unlawful under the circumstances.

13

42.

As a direct and proximate result of the aforementioned violation of Plaintiff's constitutional rights, Plaintiff suffered physical and mental injuries and damages, including physical, mental, and emotional pain and suffering, mental and emotional distress, loss of capacity to labor, medical expenses, lost wages, and violation of his constitutional rights. As a result, Plaintiff is entitled to special and general damages for the violations of his Fourth Amendment rights.

**COUNT II – SUPERVISORY LIABILITY CLAIM
UNDER 42 U.S.C. § 1983
AGAINST SHERIFF BROWN
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY
FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

43.

Plaintiff re-alleges and reincorporates paragraphs one through 37 as if fully restated herein.

44.

At all times relevant hereto, Sheriff Brown exercised supervisory authority over Deputy White and had the authority to train, supervise, and terminate Deputy White.

14

45.

Prior to the acts giving rise to this action, Sheriff Brown had knowledge and was on notice of Deputy White's prior uses of excessive force and/or violations of the clearly established Fourth Amendment rights of other persons.

46.

Sheriff Brown's knowledge of Deputy White's history of using excessive force against other persons prior to the acts giving rise to this action was sufficient to put Sheriff Brown on notice of his need to correct Deputy White's constitutional violations.

47.

Despite this knowledge and notice, Sheriff Brown did not retrain, discipline, or otherwise move to correct Deputy White's performance such as to prevent future constitutional violations by Deputy White.

48.

Sheriff Brown's deliberate indifference to the conduct of Deputy White—his subordinate—created a causal connection between Sheriff Brown's inaction and the constitutional violations which caused Plaintiff's injuries.

## COUNT III – CLAIM UNDER 42 U.S.C. § 1983
## AGAINST OFFICER WASHINGTON
## IN HER INDIVIDUAL AND OFFICIAL CAPACITY
## FOR VIOLATION OF PLAINTIFF'S CONSTITIONAL RIGHTS

49.

Plaintiff re-alleges and reincorporates paragraphs one through 37 as if fully restated herein.

50.

The aforementioned actions of Officer Washington amounted to deliberate indifference to the clearly established constitutional rights of Plaintiff and caused Plaintiff to be deprived of his Fourth Amendment right to be free from unreasonable seizure and excessive force.

51.

At all relevant times, Officer Washington was acting within the scope of her employment with Conyers and under color of state law.

52.

Officer Washington deployed OC spray (pepper spray) indiscriminately and without warning, thereby causing substantial harm to Plaintiff independent of the actions of any other law enforcement officers on scene.

16

53.

Officer Washington's act of deploying OC spray, as described above, was also a contributing factor to Plaintiff's knee injury by blinding and incapacitating him.

54.

At the time of the incident giving rise to this lawsuit, there was no legal justification for the particular force used by Officer Washington against Plaintiff. Officer Washington's use of force against Plaintiff was objectively excessive, unreasonable, unwarranted, and unlawful under the circumstances.

55.

As a direct and proximate result of the aforementioned violation of Plaintiff's constitutional rights, Plaintiff suffered physical and mental injuries and damages, including physical, mental, and emotional pain and suffering, mental and emotional distress, loss of capacity to labor, medical expenses, lost wages, and violation of his constitutional rights. As a result, Plaintiff is entitled to special and general damages for the violations of his Fourth Amendment rights.

**COUNT IV – SUPERVISORY LIABILITY
CLAIM UNDER 42 U.S.C. § 1983
AGAINST CITY OF CONYERS
FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS**

56.

Plaintiff re-alleges and reincorporates paragraphs one through 37 and 49 through 55 as if fully restated herein.

57.

Defendant Conyers had a custom and/or policy of failing to adequately train, instruct, discipline, and supervise officers, including Officer Washington. Conyers also has a custom and/or policy of failing to develop and implement adequate use of force policies regarding the use of OC spray.

58.

Conyers' failure to adequately train, instruct, discipline, and supervise Officer Washington, and its custom and/or policy of failing to develop adequate use of force policies, constitutes deliberate indifference to the constitutional rights of Plaintiff.

59.

Conyers' failure to adequately train, instruct, discipline, and supervise Officer Washington, and its custom and/or policy of failing to develop adequate

18

use of force policies, was a moving force behind the violations of Plaintiff's constitutional rights.

60.

As a direct and proximate result of the aforementioned violations of Plaintiff's constitutional rights, Plaintiff suffered physical and mental injuries and damages, including physical, mental, and emotional pain and suffering, mental and emotional distress, loss of capacity to labor, medical expenses, lost wages, and violation of his constitutional rights. As a result, Plaintiff is entitled to special and general damages for the violations of his Fourth Amendment rights.

**COUNT V – ASSAULT AND BATTERY**
**UNDER GEORGIA LAW**
**AGAINST DEPUTY WHITE**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITY**

61.

Plaintiff re-alleges and reincorporates paragraphs one through 37 as if fully restated herein.

62.

Deputy White did intentionally and unlawfully cause Plaintiff to be in apprehension of physical harm and did – in fact – cause physical bodily harm to Plaintiff by slamming Plaintiff's knee into the push bar of the NCSO squad car.

19

63.

Deputy White intended to make harmful, insulting, or provoking contact with Plaintiff.

64.

The intentional actions of Deputy White in making harmful, insulting, or provoking contact with Plaintiff would have been offensive to an ordinary person not unduly sensitive to his dignity.

65.

The assault and battery of Plaintiff by Deputy White was objectively disproportionate to the amount of force reasonably necessary to achieve Plaintiff's compliance during the course of Plaintiff's apprehension.

66.

The actions of Deputy White against Plaintiff were taken in direct violation of Georgia law including, but not limited to, O.C.G.A. §§ 51-1-13, 51-1-14.

67.

As a direct and proximate result of the assault and battery of Plaintiff committed by Deputy White, Plaintiff suffered, suffers, and will continue to suffer in the future, damage, including but not limited to physical injury; medical expenses; physical, mental, and emotional pain and suffering; temporary or

permanent injury and disfigurement; the loss – either temporarily or permanently – of the ability of labor; humiliation; embarrassment; and distress.

### COUNT VI – ASSAULT AND BATTERY, RESPONDEAT SUPERIOR, UNDER GEORGIA LAW AGAINST SHERIFF BROWN IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

68.

Plaintiff re-alleges and reincorporates paragraphs one through 37 and paragraphs 61 through 67 as if fully restated herein.

69.

Under Georgia law, "Every person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." O.C.G.A. § 51-2-2.

70.

At all relevant times, Sheriff Brown was the employer of Deputy White and Deputy White was acting within the scope of his employment when he committed the acts which caused Plaintiff's injuries. Therefore, Sheriff Brown is liable in respondeat superior for the actions and omissions of Deputy White as described herein.

21

## COUNT VII – ASSAULT AND BATTERY
## UNDER GEORGIA LAW
## AGAINST OFFICER WASHINGTON
## IN HER INDIVIDUAL AND OFFICIAL CAPACITY

71.

Plaintiff re-alleges and reincorporates paragraphs one through 37 as if fully restated herein.

72.

Officer Washington did intentionally and unlawfully cause Plaintiff to be in apprehension of physical harm and did – in fact – cause physical bodily harm to Plaintiff by spraying OC spray at and on Plaintiff's eyes, face, and neck.

73.

Officer Washington intended to make harmful, insulting, or provoking contact with Plaintiff.

74.

The intentional actions of Officer Washington in making harmful, insulting, or provoking contact with Plaintiff would have been offensive to an ordinary person not unduly sensitive to his dignity.

75.

The assault and battery of Plaintiff by Officer Washington was objectively disproportionate to the amount of force reasonably necessary to achieve Plaintiff's compliance during the course of Plaintiff's apprehension.

76.

The actions of Officer Washington against Plaintiff were taken in direct violation of Georgia law including, but not limited to, O.C.G.A. §§ 51-1-13, 51-1-14.

77.

As a direct and proximate result of the assault and battery of Plaintiff committed by Officer Washington, Plaintiff suffered, suffers, and will continue to suffer in the future, damage, including but not limited to physical injury; medical expenses; physical, mental, and emotional pain and suffering; temporary or permanent injury and disfigurement; the loss – either temporarily or permanently – of the ability of labor; humiliation; embarrassment; and distress.

23

## COUNT VIII – ASSAULT AND BATTERY, RESPONDEAT SUPERIOR, UNDER GEORGIA LAW AGAINST CITY OF CONYERS

78.

Plaintiff re-alleges and reincorporates paragraphs one through 37 and paragraphs 71 through 77 as if fully restated herein.

79.

Under Georgia law, "Every person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." O.C.G.A. § 51-2-2.

80.

At all relevant times, Conyers was the employer of Officer Washington and while Officer Washington was working within the scope of her employment when she committed the acts which caused or contributed to Plaintiff's injuries. Therefore, Conyers is liable in respondeat superior for the actions and omissions of Officer Washington as described herein.

## COUNT IX – NEGLIGENT TRAINING
## AND RETENTION UNDER GEORGIA LAW AGAINST
## SHERIFF BROWN IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

81.

Plaintiff re-alleges and reincorporates paragraphs one through 37 and paragraphs 43 through 48 as if fully restated herein.

82.

At all times relevant hereto, Deputy White was under the ultimate supervision of Sheriff Brown and was acting under color of state law and within the scope of his employment as a law enforcement officer for the NCSO.

83.

At all times relevant hereto, Sheriff Brown retained the authority and ability to train and/or re-train Deputy White to avoid any violations of NCSO policy, or of State or Federal law, including violations of the constitutional rights of all persons who are or might be subject to Deputy White's official authority as a peace officer of this State while acting under color of state law.

84.

At all times relevant hereto, Sheriff Brown retained the authority to terminate Deputy White's employment with NCSO.

25

85.

At all times relevant hereto, it was reasonably foreseeable to Sheriff Brown, based on Deputy White's known prior conduct, tendencies, or propensities, that Deputy White could cause the type of harm sustained by Plaintiff.

86.

Sheriff Brown retained and/or failed to train Deputy White when Sheriff Brown knew or should have known that Deputy White posed a risk of harm to others.

87.

At all relevant times, Sheriff Brown maintained an inadequate system of reviewing allegations of excessive and/or unlawful force by his employees; furthermore, Sheriff Brown has failed to discipline, more closely supervise, or restrain his employees from using excessive and/or unlawful force in the execution of their duties as law enforcement officers.

88.

Sheriff Brown has failed to adequately train his employees about the circumstances in which physical and/or violent force can be used and/or the extent of force which can be used against a suspect.

89.

At all relevant times, as a result of the acts and omissions of Sheriff Brown, law enforcement officers for the NCSO were improperly supervised, trained, disciplined and/or investigated for use of excessive force, ultimately culminating in Plaintiff's injuries.

90.

The aforementioned acts and omissions of Sheriff Brown arose through conscious decisions and/or deliberate indifference to the law.

91.

As a direct and proximate result of the acts and omissions of Sheriff Brown, Plaintiff suffered, suffers, and will continue to suffer damage, including but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; temporary or permanent injury and disfigurement; the loss – either temporarily or permanently – of the ability of labor; humiliation; embarrassment; and distress.

## COUNT X – NEGLIGENT TRAINING AND RETENTION UNDER GEORGIA LAW AGAINST CITY OF CONYERS

92.

Plaintiff re-alleges and reincorporates paragraphs four through 37 and paragraphs 56 through 60 as if fully restated herein.

93.

At all times relevant hereto, Officer Washington was under the ultimate supervision of Conyers and was acting under color of state law and within the scope of her employment as law enforcement officers for the City of Conyers.

94.

At all times relevant hereto, Conyers retained the authority and ability to train and/or re-train Officer Washington to avoid any violations of CPD policy, or of State or Federal law, including violations of the constitutional rights of all persons who are or might be subject to Officer Washington's official authority as a peace officer of this State while acting under color of state law.

95.

At all times relevant hereto, Conyers retained the authority to terminate Officer Washington's employment with CPD.

28

96.

At all times relevant hereto, it was reasonably foreseeable to Conyers, based on Officer Washington's known tendencies or propensities, that Officer Washington could cause the type of harm sustained by Plaintiff.

97.

Conyers retained and/or failed to train Officer Washington when Conyers knew or should have known that Officer Washington posed a risk of harm to others.

98.

At all relevant times, Conyers maintained an inadequate system of reviewing allegations of excessive and/or unlawful force by its employees; furthermore, Conyers has failed to discipline, more closely supervise, or restrain its employees from using excessive and/or unlawful force in the execution of their duties as law enforcement officers.

99.

Conyers has failed to adequately train its employees about the circumstances in which physical and/or violent force can be used and/or the extent of force which can be used against a suspect.

29

100.

At all relevant times, as a result of the acts and omissions of Conyers, law enforcement officers for the CPD were improperly supervised, trained, disciplined and/or investigated for use of excessive force, ultimately culminating in Plaintiff's injuries.

101.

The aforementioned acts and omissions of Conyers arose through conscious decisions and/or deliberate indifference to the law.

102.

As a direct and proximate result of the acts and omissions of Conyers, Plaintiff suffered, suffers, and will continue to suffer damage, including but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; temporary or permanent injury and disfigurement; the loss – either temporarily or permanently – of the ability of labor; humiliation; embarrassment; and distress.

## COUNT XI – NEGLIGENCE UNDER GEORGIA LAW
## AGAINST DEPUTY WHITE
## IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

103.

Plaintiff re-alleges and reincorporates paragraphs one through 37 as if fully restated herein.

104.

At all times relevant hereto, Deputy White had a ministerial duty to comply with: the use of force procedures of the Newton County Sheriff's Office; the federal and state constitutions; and state law prohibiting excessive use of force, including state tort law.

105.

Deputy White had a ministerial duty to use the degree of care used by ordinarily careful persons under the same or similar circumstances.

106.

Deputy White breached the aforementioned duties by failing to use the degree of care used by ordinarily careful persons in the same or similar circumstances during the apprehension of Plaintiff, as described above.

31

107.

As a direct and proximate result of the acts and omissions of Deputy White, Plaintiff suffered, suffers, and will continue to suffer damage, including but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; temporary or permanent injury and disfigurement; the loss – either temporarily or permanently – of the ability of labor; humiliation; embarrassment; and distress.

## COUNT XII – NEGLIGENCE UNDER GEORGIA LAW, RESPONDEAT SUPERIOR, AGAINST SHERIFF BROWN IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

108.

Plaintiff re-alleges and reincorporates paragraphs one through 37 and paragraphs 103 through 107 as if fully restated herein.

109.

Under Georgia law, "Every person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." O.C.G.A. § 51-2-2. See also O.C.G.A. 51-2-1.

32

110.

At all relevant times, Sheriff Brown was the employer of Deputy White and Deputy White was acting within the scope of his employment when he committed the acts which caused Plaintiff's injuries. Therefore, Sheriff Brown is liable in respondeat superior for the actions and omissions of Deputy White as described herein.

## COUNT XIII – NEGLIGENCE UNDER GEORGIA LAW AGAINST OFFICER WASHINGTON IN HER INDIVIDUAL AND OFFICIAL CAPACITY

111.

Plaintiff re-alleges and reincorporates paragraphs one through 37 as if fully restated herein.

112.

At all times relevant hereto, Officer Washington had a ministerial duty to comply with: the use of force procedures of the City of Conyers Police Department; the federal and state constitutions; and state law prohibiting excessive use of force, including state tort law.

113.

Officer Washington had a ministerial duty to use the degree of care used by ordinarily careful persons under the same or similar circumstances.

114.

Officer Washington breached the aforementioned duties by failing to use the degree of care used by ordinarily careful persons in the same or similar circumstances during the apprehension of Plaintiff, as described above.

115.

As a direct and proximate result of the acts and omissions of Officer Washington, Plaintiff suffered, suffers, and will continue to suffer damage, including but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; temporary or permanent injury and disfigurement; the loss – either temporarily or permanently – of the ability of labor; humiliation; embarrassment; and distress.

## COUNT XIV – NEGLIGENCE UNDER GEORGIA LAW, RESPONDEAT SUPERIOR, AGAINST CITY OF CONYERS

116.

Plaintiff re-alleges and reincorporates paragraphs one through 37 and paragraphs 111 through 115 as if fully restated herein.

117.

Under Georgia law, "Every person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the

34

scope of his business, whether the same are committed by negligence or voluntarily." O.C.G.A. § 51-2-2. See also O.C.G.A. 51-2-1.

118.

At all relevant times, Conyers was the employer of Officer Washington and Officer Washington was acting within the scope of her employment when she committed the acts which caused Plaintiff's injuries. Therefore, Conyers is liable in respondeat superior for the actions and omissions of Deputy White as described herein.

## COUNT XV –
## PUNITIVE DAMAGES AGAINST DEPUTY WHITE

119.

Plaintiff re-alleges and reincorporates paragraphs one through 37 as if fully restated herein.

120.

The actions of Deputy White in using objectively unreasonable and excessive force against Plaintiff exhibits a willful, wanton, and callous disregard for human life and safety, including the life and safety of Plaintiff.

121.

As a direct and proximate result of Deputy White's actions, Plaintiff suffered the injures complained of herein; consequently, Plaintiff is entitled to

35

punitive damages against Defendants to deter similar conduct in the future and to punish Defendants for their wrongful acts, in an amount to be determined at trial.

## COUNT XVI –
## ATTORNEYS FEES AND COSTS PURSUANT TO 42 U.S.C. §1988 AND GEORGIA LAW AGAINST ALL DEFENDANTS

122.

Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully restated herein.

123.

As a result of the actions, omissions, and wrongful conduct of Defendants as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

124.

Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants his reasonable attorneys' fees and the costs and expenses of litigation.

## DEMAND FOR JURY TRIAL

125.

Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

36

126.

Plaintiff demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment be entered in his favor and against the Defendants, and that the following relief be granted by the Court:

a) that judgment be entered in favor of the Plaintiff and against all Defendants;

b) that Plaintiff recover against Defendants in compensatory, special, and general damages, in an amount or amounts to be determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendants in punitive damages in an amount sufficient to punish and deter Defendants in an amount determined at trial by the enlightened conscious of the jury;

d) that Plaintiff recover against Defendants for his attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

e) Grant such other and further relief that the Court deems just and proper.

Respectfully submitted this 3rd day of February, 2017.


                                        /s/ Christopher M. Upshaw
                                        CHRISTOPHER M. UPSHAW
                                        Georgia Bar No. 557562
                                        ***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com

## FONT CERTIFICATION

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this Complaint was prepared using Times New Roman font, 14-point, as approved by this Court pursuant to Local Rule for the Northern District of Georgia 5.1(B).

Respectfully submitted this 3rd day of February, 2017.

/s/ Christopher M. Upshaw
CHRISTOPHER M. UPSHAW
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com