IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SPENCER ROBINSON,           *
                            *
        Plaintiff,          *        CIVIL ACTION FILE
                            *        NO. 1:17-CV-00435-AT
V.                          *
                            *
EZELL BROWN et al.          *
                            *
        Defendants.         *

---

## PLAINTIFF'S INITIAL DISCLOSURES

(1)    **State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

   ***Response:*** Plaintiff, Spencer Robinson brings this action against Defendants for Defendants' actions on or about January 29, 2016. On that date, Plaintiff was leaving a basketball game at Newton County High School when an altercation broke out in the parking lot. Plaintiff came to the aid of a family member who was being assaulted in the parking lot. Plaintiff and the assailant fell to the ground;

while on the ground, Plaintiff was not acting violently. Officer Washington approached the two and discharged her OC spray, incapacitating Plaintiff.

Blinded, incapacitated, and handcuffed, Plaintiff was led to a Newton County Sheriff's Office squad car where he was leaned against the push bar, facing the windshield. As law enforcement was preparing to address the situation, Deputy Clarence White, then a school resource officer at Newton County High School, approached Plaintiff from behind and shoved him violently into the push bar of the squad car, shattering Plaintiff's leg. As a result of Defendants' aforementioned actions, Plaintiff asserts a violation of Plaintiff's rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Plaintiff seeks compensatory damages, general damages, special damages, punitive damages, and reasonable attorney's fees and costs.

The legal issues to be determined in this case include, but are not limited to:

(a)     Whether Plaintiff's constitutional rights were violated.

(b)     Whether Plaintiff is entitled to damages and, if so, the amount.

(c)     Whether Plaintiff can show an unconstitutional policy or custom that was the moving force behind the alleged constitutional violations with respect to the city defendants.

(d)     Whether City of Conyers, Georgia, can be held vicariously liable for the conduct of Officer Washington.

(e)     Whether Sheriff Brown can be held vicariously liable for the conduct of Deputy White.

(f)     Whether the city Defendants are immune from suit.

(g)     Whether the NCSO Defendants are immune from suit.

(h)     The appropriate measure of relief to which Plaintiff is entitled under the facts of this case;

(i)     Whether Plaintiff is entitled to attorneys' fees and costs of litigation and, if so, the proper amount of said fees and costs; and

(j)     Whether the conduct on which the violation or violations of Plaintiff's rights as guaranteed by the United States Constitution was done with malice and/or reckless indifference to Plaintiff's federally-protected rights and, if so, the proper amount of punitive damages to which Plaintiff is entitled.

**(2)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usage, and illustrative case law which plaintiff contends are applicable to this action.**

*__Response__:* Plaintiff relies on the following authorities in support of his contentions: the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and all cases of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the United States District Court for the Northern District of Georgia, and persuasive authority from other courts construing standards of liability, methods of proof, measures of damages, immunity from suit, and other legal issues related to the aforementioned statutes.

Georgia state law governing negligence, respondeat superior liability, and sovereign immunity, including all Georgia statutes, cases, and regulations construing standards of liability, methods of proof, measures of damages and other related legal issues.

**(3)      Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).**

*__Response__:* See Attachment A. As discovery is ongoing, Plaintiff reserves the right to amend this response.

**(4)    Provide the name or any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B).**

> ***Response:*** Plaintiff has not yet identified an expert witness; see Attachment B. As discovery is ongoing, Plaintiff reserves the right to amend this response.

**(5)    Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).**

> ***Response:*** See Attachment C. As discovery is ongoing, Plaintiff reserves the right to amend this response.

**(6)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based,**

including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D).

*__Response__:* See Attachment D. As discovery is ongoing, Plaintiff reserves the right to amend this response.

(7)   **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in his action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).**

*__Response__:* Plaintiff is not in possession of any such document at this time.

(8)   **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

*__Response__:* Not applicable

Respectfully submitted this 20th day of November, 2017

/s/ Christopher M. Upshaw
CHRISTOPHER M. UPSHAW
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com

## ATTACHMENT A
## PRELIMINARY LIST OF WITNESSES

The following is a ***preliminary*** list of witnesses who Plaintiff believes, as of the time of this filing, possess knowledge that may be material to this case. By listing these witnesses, Plaintiff in no way waives his right to present at trial additional witnesses that are discovered subsequent to the submission of these Initial Disclosures. Moreover, Plaintiff reserves his right to call subsequently-discovered witnesses without being required to amend his Initial Disclosures with said witnesses so long as the existence of said subsequently-identified witnesses is made known to all parties by way of deposition testimony, evidence produced during the discovery process, or otherwise.

(a)  Spencer Robinson has knowledge of the facts and circumstances giving rise to this lawsuit, including but not limited to the force used against him on or about January 29, 2016. Mr. Robinson can be reached through undersigned counsel.

(b)  Clarence White has information regarding the facts and circumstances giving rise to this lawsuit, including but not limited to the use of force against Plaintiff. White may be reached through his attorney of record.

(c)  <u>Ezell Brown</u> has information regarding the facts and circumstances giving rise to this lawsuit, including but not limited to, the use of force against Plaintiff, the employment history of Defendant White, the use of force history of Defendant White, and the training and policies of the Newton County Sheriff's Office. Brown may be contacted through his attorney of record.

(d)  <u>Tony Howard</u> has information regarding the facts and circumstances giving rise to this lawsuit, including but not limited to the use of force against Plaintiff. Howard may be contacted through undersigned counsel for NCSO in this matter

(e)  <u>Milton Hightower</u> has information regarding the facts and circumstances giving rise to this lawsuit, including but not limited to the use of force against Plaintiff. Hightower may be contacted through counsel for NCSO in this matter.

(f)   <u>Deighton Waithe</u> has information regarding the facts and circumstances giving rise to this lawsuit, including but not limited to the use of force against Plaintiff. Waithe may be contacted through counsel for NCSO in this matter.

(g)    <u>Joseph Lightsey</u> has information regarding the facts and circumstances giving rise to this lawsuit, including but not limited to the use of force against Plaintiff. Lightsey may be contacted through counsel for NCSO in this matter.

(h)    <u>Michelle Washington</u> has information regarding the facts and circumstances giving rise to this lawsuit, including but not limited to the use of force against Plaintiff. Washington can be reached through her counsel.

(i)    <u>D'Zarea Robinson</u> has information regarding the facts and circumstances giving rise to this lawsuit, including but not limited to the identity of all defendants as well as the surrounding circumstances concerning Plaintiff's injury. Ms. Robinson can be contacted through Plaintiff's attorney of record.

(j)    <u>D.R.</u> (a minor) has information regarding the facts and circumstances giving rise to this lawsuit, including but not limited to the identity of the defendants as well as the surrounding circumstances concerning Plaintiff's injury. D.R. may be contacted through Plaintiff's attorney of record.

(k)    <u>Dr. Renee Riley</u> has information regarding the injuries sustained by Plaintiff and the cause of said injuries. Dr. Riley can be reached at 4181 Hospital Dr. NE #204, Covington, GA 30014; (770) 788-6534.

(l)    Any and all other persons identified through discovery as having relevant information.

**ATTACHMENT B
EXPERT WITNESSES**

As of the time of this filing, Plaintiff has not retained an expert witness whose testimony may be used at trial under the Federal Rules of Evidence 702, 703, or 705. In the event Plaintiff retains such an expert witness, these responses will be amended according to the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

## ATTACHMENT C
## PRELIMINARY LIST OF DOCUMENTS

The following is a ***preliminary*** list of documents which Plaintiff believes, as of the time of this filing, contain information that may be material to this case. By listing these documents Plaintiff in no way waives his right to present at trial additional documents that are discovered subsequent to the submission of these Initial Disclosures. Moreover, Plaintiff reserves his right to present subsequently-discovered documents without being required to amend his Initial Disclosures with said documents so long as the existence of said subsequently-identified witnesses is made known to all parties by way of deposition testimony, evidence produced during the discovery process, or otherwise.

(a)     Documents produced by Plaintiff during discovery or identified in his initial disclosures.

(b)     Documents produced by any Defendant during discovery or identified in their initial disclosures.

(c)     Newton County Juvenile Complaint in Case No. 2016-05251.

(d)     Use of force policy for NCSO.

(e)     Use of force policy for CPD.

(f)     Statement of D'Zarea Robinson

(g)     Statement of D.R.

13

(h)     Any and all CPD and/or NCSO incident reports associated with this case.

(i)     Any and all video or audio recordings (e.g., dash cameras, body cameras, microphones) capturing or depicting the events giving rise to the complaint.

# ATTACHMENT D
# DAMAGES

Plaintiff seeks recovery of:

(a)     Compensatory damages in an amount reasonable and commensurate with the losses imposed upon Plaintiff by Defendants' unlawful acts, including emotional distress and pain and suffering arising from physical injury sustained by Plaintiff as a result of Defendants' actions, and emotional distress resulting from his physical injuries.

(b)     Punitive damages against Defendant White in an amount allowed by law and calculated to be reasonable and commensurate with the harm done and sufficient to deter such conduct in the future, as determined by the enlightened conscious of the jury;

(c)     Costs of this action including reasonable attorneys' fees as authorized by state and/or federal law.

(d)     An award of pre-judgment and post-judgment interest; and

(e)     Such other equitable and monetary relief as this Court deems just and proper.

## <u>FONT CERTIFICATION</u>

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this Complaint was prepared using Times New Roman font, 14-point, as approved by this Court pursuant to Local Rule for the Northern District of Georgia 5.1(B).

Respectfully submitted this 20th day of November, 2017

/s/ Christopher M. Upshaw
CHRISTOPHER M. UPSHAW
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

FREEMAN, MATHIS, & GARY, LLP
**Sun S. Choy**
Georgia Bar No. 025148
schoy@fmglaw.com
**E. Andrew Treese**
Georgia Bar No. 556850
atreese@fmglaw.com
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
Attorneys for City of Conyers
and Michelle Washington

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP
**Karen E. Woodward**
Georgia Bar No.775260
kwoodward@cmlawfirm.com
Meridian II, Suite 2000
275 Scientific Drive
Norcross, Georgia 30092
T: (404) 881-2622
F: (404) 881-2630
Attorney for Defendants Ezell Brown
and Clarence White

This 20th day of November, 2017

/s/ Christopher M. Upshaw
Christopher M. Upshaw
Georgia Bar No. 557562

1015 Tyrone Road, Ste. 620
Tyrone, Georgia 30290
T: (770) 692-5020
F: (770) 692-5030
doc@sanchezhayeslaw.com
Attorney for Plaintiff